ALLEN K. HARRISON, PROSECUTOR, v. BOARD OF ADJUST-
MENT OF THE TOWN OF MONTCLAIR, AND HARRY
TRIPPETT, SECRETARY OF SAID BOARD, RESPOND-
ENTS.

Decided June 14, 1928.

Before Justices TRENCHARD, KALISCH and KATZENBACH.

For the prosecutor, *Charles Jones*.

For the respondents, *George S. Harris*.

PER CURIAM.

The prosecutor is the owner of a plot of land fifty by one hundred feet, located in the rear of a lot of land owned by him on Grove street, in the town of Montclair.

The plot on which the proposed garage is to be erected faces directly on a right of way, which is thirty to thirty-six feet in width, and has been in constant use for the last thirty years for vehicular traffic of all kinds and description.

On July 14th, 1926, the prosecutor applied to the building inspector of the town of Montclair for a permit to build the proposed garage, which was to be of concrete block, cement floors and slag roof. No gasoline or oil were to be stored or sold on the premises.

It is not controverted that the written application filed by the prosecutor was not in compliance with the building code of the town of Montclair "so far as the materials and physical construction of the building were concerned, and as to any provision for fireproofing."

It is also undisputed that the building inspector declined to issue the permit upon the sole ground that the proposed structure violated the zoning ordinance of that town, which ordinance placed the premises in question in the business zone.

Section 9 of the ordinance relating to business zones expressly restricts, by paragraph 4, the using or erecting of a building of a garage or group of garages for more than five motor vehicles, except as permitted in section 15, paragraph 9, which latter provision subjects the granting or refusal of a permit by the building inspector to be passed upon by the board of adjustment, as to whether or not the construction or use of a building will constitute a menace to the public health, safety, morals or welfare of the city.

From the refusal of the building inspector an appeal was taken by the prosecutor to the board of adjustment. The finding of the board of adjustment, upon testimony taken before it at a public hearing, on the appeal of the prosecutor, as appears in the printed case, by the return of the board of adjustment made to the writ of *certiorari* is as follows:

"The board finds from the testimony taken, and also from the statements of the applicant and his counsel, that a structure of the dimension, materials and type proposed in this application would greatly enhance the possibility of a sweeping fire, resulting in the loss of property and in the risk and injury and loss of human life. Such proposed building to be used as a public garage, housing a large number of automobiles and located as proposed, would be exposed not only to the risk of fire from its own hazard occupancy, but also from the risk of fire communicated from the adjoining group of frame industrial buildings and frame tenement house, practically surrounding the property in question, creating a menace to public safety and public welfare. The proposed public garage as planned would make access by apparatus of the fire department very difficult. For these reasons:

"It is therefore on this 30th day of September, 1926, decided and determined that the decision of the inspector of buildings of the town of Montclair in refusing to issue a permit for the erection of the said building, to wit, a public garage fifty by one hundred feet, twelve feet in heighth, from

the rear of premises designated on the tax map of the said town as map 35, block 'G,' lots 30, 32, 33, is hereby affirmed."

There is testimony in the case which supports the finding of the board. The board of adjustment acts in a judicial capacity in passing upon the merits of the appeal. Its finding will not be disturbed unless it appears that the finding is without support in law or in fact.

We think the facts and legal questions discussed in the brief of prosecutor in relation thereto are controlled by the decisions in the following cases: *Portnof* v. *Bigelow,* 133 *Atl. Rep.* 534; *Long* v. *Scott,* 133 *Id.* 767; *Jersey Land Co.* v. *Scott,* 135 *Id.* 462; *Contras* v. *Jersey City,* 135 *Id.* 472; *Caldwell* v. *Saul,* 135 *Id.* 691; *Hench* v. *East Orange,* 130 *Id.* 363; *Chancellor Development Corporation* v. *Senior,* 134 *Id.* 337; *Burg* v. *Ackerman,* 135 *Id.* 672; *Silvester* v. *Princeton,* 5 *N. J. Adv. R.* 1801; *Oxford Construction Co.* v. *Orange, Ibid.* 729.

The writ is dismissed. but without costs.